**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: October 18 2010

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31770 |
| | ) | |
| Earnest D. Everett and | ) | Chapter 7 |
| Carol G. Everett, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE MOTION TO DISMISS

This case came before the court for hearing on the Chapter 7 Trustee's Motion to Dismiss Chapter 7 Voluntary Petition [Doc. # 17] on September 14, 2010. The Chapter 7 Trustee ("Trustee") appeared at the hearing in person. There was no appearance by or on behalf of Debtors. For the following reasons and those articulated at the hearing, the Trustee's motion will be granted.

### BACKGROUND

Debtors filed their voluntary Chapter 7 petition on March 22, 2010. A complaint objecting to Debtors' discharges was filed by the United States Trustee ("UST") on April 7, 2010, alleging that Debtors received a Chapter 7 discharge in a bankruptcy case filed on February 28, 2003, and are not entitled to a discharge in this case pursuant to 11 U.S.C. § 727(a)(8). [*See* Adv. Pro. No. 10-3088, Doc. # 1]. Debtors did not file an answer or otherwise respond to the complaint. Neither Debtors nor counsel appeared at the pretrial conference on the complaint held on May 19, 2010. The UST, therefore, filed a motion for default judgment that this court granted on July 23, 2010, finding that Debtors were granted a prior Chapter 7 discharge in Case No. 03-31316, which was commenced within eight years before the filing of Debtors'

Chapter 7 petition in this case. [*Id.*, Doc. ## 17, 19]. Although signed under penalty of perjury, Debtors' petition does not disclose the prior bankruptcy case. [Doc. # 1, p. 2/47]. On page 2 of their petition, they were required to identify any "Prior Bankruptcy Case Filed Within Last 8 Years." Debtors stated "None."[*Id.*]. They did not amend their petition, even after the UST filed the adversary proceeding.

Meanwhile, a first meeting of creditors was scheduled to be held on May 15, 2010. Neither Debtors nor their attorney appeared at that hearing and it was rescheduled for May 28, 2010. Once again, there was no appearance by Debtors or their attorney. Thereafter, the first meeting of creditors was rescheduled on June 25, July 23, and August 6, 2010. However, neither Debtors nor their attorney appeared at any of the rescheduled times.

In light of the fact that Debtors are ineligible for a discharge in this case, the Trustee sent Debtors' attorney an email after the May 28 meeting date and requested that a motion to dismiss be filed by Debtors. The Trustee also spoke with Debtors' attorney regarding Debtors failure to attend the meeting of creditors and the apparent need to dismiss the case. According to the Trustee, Debtors' attorney stated that Debtors are "delaying the inevitable." Debtors have not moved to dismiss their case (an outcome the court acknowledges is not automatic under 11 U.S.C. § 707(a), *see, e.g., In re Dylewski*, 433 B.R. 746 (Bankr. E.D. Mo. 2010)), instead leaving it to the Chapter 7 Trustee to figure out what to do given their lack of cooperation in her efforts at administration of the estate. Thus, on August 10, 2010, the Trustee filed the instant motion to dismiss.

## LAW AND ANALYSIS

The interplay of several sections of the Bankruptcy Code guides the court's decision in this case. Under 11 U.S.C. § 707(a), a court may dismiss a Chapter 7 case "after notice and a hearing and only for cause. . . ." That section expressly provides as cause for dismissal an "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a)(1). The Sixth Circuit has also found that a lack of good faith is a valid basis of decision in a "for cause" dismissal by a bankruptcy court, agreeing that although not explicitly stated in the statute, good faith "is inherent in the purposes of bankruptcy relief." *Indus. Ins. Servs. Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1127, 1129 (6th Cir. 1991). The court observed that "'[t]he facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases" but that such a dismissal should be confined to "egregious cases." *Id.*; *In re Weeks*, 306 B.R. 587, 590 (E.D. Mich. 2004) (stating that dismissal for lack of good faith "may only be utilized in egregious cases where the debtors motives are clearly inconsistent with the established purpose of the Bankruptcy Code").

Section 349(a) of the Bankruptcy Code provides as follows:

2

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

The phrase "[u]nless the court, for cause, orders otherwise" in § 349(a) authorizes a bankruptcy court to order that the dismissal of a case bars the later discharge of any debts that were dischargeable in the case dismissed. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 259 (4th Cir. 2007); *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223-24 (9th Cir. 1999); *Dietrich v. Nob-Hill Stadium Prop.*, No. 05-2255, 2007 WL 579547, *5 (6th Cir. Feb. 15, 2007). Although not specifically defined in the Bankruptcy Code, courts have generally considered "cause" under § 349 to include bad faith based on egregious behavior, contumacious actions, or abuse of the bankruptcy process. *See In re Klein,* 431 B.R. 726, 736-37 (B.A.P. 6th Cir. 2010); *Leavitt*, 171 F.3d at 1224; *Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997); *In re Hall*, 258 B.R. 908, 911 (Bankr. N.D. Ind. 2001); *In re Covino*, 245 B.R. 162, 169-70 (Bankr. D. Idaho 2000) (finding that egregious behavior includes behavior "so obviously inconsistent with what is right or proper as to appear to be a flouting of law or morality").

Further authority for a dismissal that bars a later discharge of dischargeable debts in the earlier case arises under 11 U.S.C. § 105(a), which empowers a court to take any action or make any determination necessary or appropriate to prevent an abuse of process. *See In re Robinson*, 198 B.R. 1017, 1022-23 (Bankr. N.D. Ga. 1996); *cf. Simon v. Amir (In re Amir)*, – B.R. –, 2010 WL 3057573, *10, 19, 2010 Bankr. LEXIS 2314, *29-31, 54-54 (B.A.P. 6th Cir. Aug. 5, 2010) (holding that bankruptcy courts have the authority to waive certain filing requirements if enforcing those requirements would create an abuse of the bankruptcy process); *cf. In re Klein,* 431 B.R. at 736-37.

Applying the foregoing to the facts in this case, the court finds Debtors' overall actions and omissions sufficiently egregious to warrant a dismissal of their case with prejudice, such prejudice being that Debtors may not discharge in a later Chapter 7 case any debt that was dischargeable in this case. The court's finding is based on the totality of the circumstances in this case. Specifically, although Debtors signed their bankruptcy petition under penalty of perjury, they failed to disclose in the petition that they had filed a prior bankruptcy case within eight years before the petition in this case was filed. Absent some reasonable explanation, which has not even been attempted by Debtors, the court infers that Debtors knew of their prior bankruptcy case at the time this case was commenced. In any event, Debtors were made aware of this fact when the UST filed his complaint objecting to discharge. They not only failed to respond to the

3

complaint, but they took no action to rectify the situation such as by amending their petition to correct the material omission or expeditiously attempting a voluntary dismissal of their bankruptcy case.

These problems were compounded when Debtors failed to appear at not one, but five, meetings of creditors. This contumacious behavior has prevented the Trustee from doing her job administering the bankruptcy estate. The meeting of creditors is the routine opportunity in case administration for a trustee to question a debtor under oath. The purposes of the meeting include determining whether there are assets that can be administered for the benefit of unsecured creditors. The issues of administration of assets by a trustee and a debtor's entitlement to a discharge are distinct. Even where a Chapter 7 debtor is not eligible for discharge, if assets are available for distribution such that a dismissal would prejudice creditors, dismissal will ordinarily be denied. *See Amir*, 2010 WL 3057573 at *10, 2010 Bankr. LEXIS at *29. Other grounds for denial of discharge under another section of 11 U.S.C. § 727(a) with a more lasting impact than denial under § 727(a)(8), *cf*. 11 U.S.C. 523(a)(10), may also have been discovered at a meeting of creditors. A debtor's obligation to attend a meeting of creditors is of paramount importance to overall bankruptcy case administration and is required under 11 U.S.C. § 341 and Federal Rule of Bankruptcy Procedure 4002, regardless of entitlement to discharge. However, Debtors have refused to submit to the required examination. Debtors also did not respond to the Trustee's motion to dismiss this case, did not appear at the hearing on her motion and have not offered any explanation or justification for their non-disclosure and their failure to attend a meeting of creditors.

The court construes Debtors' failure to make any attempt to prosecute this case as being motivated by a desire to both secure without consequence and then delay dismissal of their case so as to extend the protection of the automatic stay as long as possible. Debtors have enjoyed for six months the benefits of at least part of the automatic stay, *compare* 11 U.S.C. § 362(c)(1) *with* 362(c)(2)(C), to their creditors' detriment. *See In re Norton*, 319 B.R. at 683-84 (stating that a creditor is prejudiced when a creditor is denied the opportunity to exercise its contractual rights because of the automatic stay and that use of the stay as a sword against its creditors is not the purpose of § 362). Debtors' Statement of Financial Affairs shows that when they filed this bankruptcy case they were defendants in a pending state court collection lawsuit commenced by creditor Firelands Federal Credit Union. [Doc. #1, p. 39/47, Question 4]. The lawsuit was stopped by the automatic stay, whether Debtors were eligible for discharges or not. The longer they have been able, with minimal effort aided by non-disclosure of their prior Chapter 7 case, to drag this case out under the protection of the automatic stay, the longer entry of judgment in favor of Firelands Federal Credit Union and its pursuit of state law post-judgment collection remedies against Debtors, and now against their

4

real property, [Doc. # 1, Schedule A, p. 20/47], is held at bay while inching closer by the day to expiration of the eight year time limit between discharges in 11 U.S.C. § 727(a)(8). Debtors' non-appearance at a meeting of creditors has also prevented inquiry by the Trustee to determine whether assets are available for administration for the benefit of all creditors, effectively frustrating any determination regarding other prejudice to creditors that might arise with dismissal of the case, whether voluntary or otherwise.

The prejudicial impact of Debtors' conduct extends beyond their creditors to the bankruptcy system. In this court's experience since amendment of the Bankruptcy Code in 2005 extending the waiting period between Chapter 7 discharges from six to eight years, Debtors' conduct has been atypical compared to other debtors in the similar situation of having filed a Chapter 7 case when still ineligible for a discharge. *Cf. Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, n.11 (2007)(in another procedural context under the Bankruptcy Code, the Supreme Court notes the "atypical" nature of a debtor's conduct as a factor in addressing what conduct might constitute bad faith). In contrast to what has occurred here, other debtors have generally reinforced by their subsequent actions the inevitable assertion that the subsequent filing was a simple mistake. Other debtors have generally responded forthrightly to the UST's complaint, usually leading to a voluntary dismissal under Rule 7041 of the Federal Rules of Civil Procedure instead of full blown default proceedings and entry of judgment prohibiting discharge. Other debtors have generally expeditiously filed a motion seeking to dismiss voluntarily instead of dumping the problem on the Chapter 7 trustee to address. Other debtors have generally appeared at a meeting of creditors for purposes of determining availability of assets for administration and assisting in the necessary inquiry about any prejudice to creditors attendant to dismissal, instead of causing the Trustee to continue the meeting four times due to non-appearance and follow up with entreaties to counsel to do something. The multiplication of effort and devotion of resources by the UST, the Chapter 7 Trustee and the court that Debtors have intentionally engendered demonstrates abuse of the system that necessitates a sanction.

The court concludes that Debtors' filing of this case without disclosing their prior bankruptcy case, together with their refusal to rectify the failure to disclose and their contumacious conduct in refusing to meet their obligation under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure to attend a meeting of creditors and submit to an examination by the Trustee, constitutes bad faith and an abuse of the bankruptcy process and is cause for dismissal with prejudice as set forth above. *See In re Singer*, No. 00-08620-6B3, 2001 WL 1825791, *3, 2001 Bankr. LEXIS 2044, *6-8 (Bankr. M.D. Fla. Aug. 1, 2001) (finding cause for dismissal with a concurrent bar to discharge of all debts existing at the time of filing where the debtor sought the benefits of bankruptcy but intentionally failed to fulfill her obligations and

duties under the Bankruptcy Code); *In re Ladd*, 82 B.R. 476 (Bankr. N.D. Ind. 1988) (finding that debtor's failure to appear at three separate meetings of creditors demonstrates sufficient delay and contumacious conduct to justify dismissal with prejudice).

The court will enter a separate order in accordance with this memorandum of decision.[1]

---

[1] After the proceeding memo from the hearing on the Trustee's motion to dismiss that Debtors did not attend was docketed, but before this memorandum and the separate order were prepared and docketed, Debtors filed a Motion to Partially Vacate Judgment (Proceeding Memo) on Trustee's Motion to Dismiss. [Doc. # 21]. The court will construe that document as a timely filed motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure to alter or amend the judgment represented by the order being separately entered in accordance with this opinion. The court will separately set that motion for hearing.