**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 30 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31770 |
| | ) | |
| Earnest D. Everett and | ) | Chapter 7 |
| Carol G. Everett, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION RE MOTION TO VACATE WITH PREJUDICE DISMISSAL

This case is before the court on the Debtors' Motion to Partially Vacate Judgment [Doc. # 21] ("Motion"). The judgment in issue is the court's order entered on October 18, 2010, dismissing this case with prejudice to the discharge in a subsequent Chapter 7 case of the dischargeable debts scheduled herein. The United States Trustee opposes the Motion.

The Motion was filed after the court's proceeding memo from the motion to dismiss hearing was docketed but before the court's memorandum of decision and order were filed of record. It does not state the procedural rule under which it is brought. The court construes it as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, which applies in this case under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Notwithstanding that the Motion was filed before entry of the order that it seeks to amend, the court deems it as timely filed by "no later than 14 days after entry of judgment," Fed. R. Bankr. P. 9023. *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979). The Motion seeks to alter only that portion of the court's order providing that "[d]ismissal of this case bars in a later case under Chapter 7 of Title 11 of the United States Code discharge of any debt that was dischargeable in this case" and asks to

have the dismissal turned into a dismissal without prejudice.

The events in this case that resulted in its dismissal "with prejudice" were detailed by the court in its memorandum of decision entered on October 18, 2010. [Doc. # 23]. That memorandum of decision and the detailed procedural history set forth in it that resulted in the dismissal of this case occurring "with prejudice" to discharge of the scheduled debts in a subsequent Chapter 7 case is incorporated by reference in this memorandum of decision. Suffice to say that the path to "with prejudice" dismissal commenced with Debtors filing of this Chapter 7 case on March 22, 2010, at a time when they were not eligible for a Chapter 7 discharge, having filed another Chapter 7 case within the previous 8 years, on February 28, 2003, that was not disclosed on the petition they signed under penalties of perjury. *See* 11 U.S.C. § 727(a)(8). After the United State Trustee brought the issue to light by suing Debtors on April 7, 2010, Adv. Pro. No. 10-3088, to deny them a Chapter 7 discharge on that basis, Debtors thereafter did nothing to rectify the problem or to address its impact on this case, leaving the United States Trustee, the Chapter 7 panel trustee and the court to deal with it.

Rule 59(e) is silent about the standard or grounds for relief thereunder. And while courts have considerable discretion whether to grant or deny a motion to alter or amend a judgment, reconsideration of a previous order is nevertheless considered an extraordinary remedy to be used sparingly. *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996). Circumstances justifying Rule 59(e) relief generally include correcting clear legal error, newly discovered evidence, an intervening change in the law or a need to prevent manifest injustice, *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), the latter being something of a catch-all. The grounds for relief stated in the Motion and at the hearing encompass the need to prevent manifest injustice.

At the outset, there is a suggestion in the Motion that Debtors lacked fair warning of the potential for dismissal "with" prejudice. The court rejects this argument as a basis for relief. Debtors point out that the default judgment entered against them in the adversary proceeding after they failed to respond to the United State's Trustee's complaint to deny discharge was premised on § 727(a)(8) and only denied them a discharge in this case. The court acknowledges that § 523(a)(10), which addresses exception from discharge of debts in a subsequent case where discharge was denied in a prior case under certain circumstances, does not include discharge denial based on § 727(a)(8). However, the United States Trustee's adversary proceeding did not resolve the status of the underlying ongoing Chapter 7 case, which remained to be addressed from the estate standpoint notwithstanding that Debtors were not entitled to a discharge. Multiple formal and informal efforts to get Debtors to attend a meeting of creditors so the Chapter 7 Trustee

2

could do her job and and to seek to dismiss the case voluntarily were unsuccessful. Thus the Chapter 7 Trustee's motion to dismiss [Doc. # 17] clearly stated that dismissal was being requested "with prejudice." The potential legal implications of a case dismissal "with prejudice" are plainly set forth in the statute. 11 U.S.C. § 349(a). Debtors did not oppose or otherwise respond to the Chapter 7 Trustee's motion to dismiss and inexplicably neither Debtors nor counsel appeared at the hearing on the Chapter 7 Trustee 's motion to dismiss, *see* Doc. # 20. The court finds that Debtors were not blindsided by dismissal with prejudice and therefore does not find any lack of warning or the scope of the default judgment in the adversary proceeding as a basis to change the dismissal to a without prejudice dismissal.

Beyond the argument about the scope of the default judgment, at the hearing Debtors' counsel took the blame for what transpired here, or more accurately what did not transpire here. She points out that Debtors are sick, elderly, on limited fixed incomes (and, lacking any wages to be garnished, the court would agree probably uncollectable from future income as to general unsecured creditors, notwithstanding discharge or lack thereof) and incapable of intending to abuse the system, the latter fact, however, being unsupported of record. Rather, counsel argues, both counsel and Debtors "once they discovered they were not entitled to a discharge, ... did not wish to waste the court's time or the trustee's pursuing the adversary or the motion to dismiss." Counsel forthrightly stated at the hearing that the lack of responsive action was a miscalculation essentially "on her" and that Debtors should thus not be held responsible for ignoring the case they had filed until it inevitably went away. To the contrary, though, after "the discovery" that Debtors had filed a previous Chapter 7 case within the last 8 years, the resources of the United States Trustee, the Chapter 7 Trustee and the court were unfairly and unnecessarily consumed.

Courts disagree about and struggle with, as this one does, when the action or inaction of counsel should justify relief under Rule 59(e) to prevent a manifest injustice. *Compare Robinson v.Wix Filtration Corp L.L.C.*, 599 F. 3d 403 (4ᵗʰ Cir. 2010) (order denying relief from summary judgment entered after counsel failed to oppose motion affirmed on appeal), ) *and Fox v. Am. Airlines,* 389 F.3d 1291, 1296 (D.C. Cir. 2004)(affirming denial of rule 59(e) motion since "the dismissal of the ... suit might have been avoided through exercise of due diligence") *with Robinson*, 599 F.3d at 414 (concurrence) and 415 (dissent) *and Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346 (D. Minn. 1993). The court appreciates the manner in which Counsel forthrightly came forward at the hearing on the Motion to take responsibility. But the court cannot find that relief is justified from the "with" prejudice dismissal on the grounds that a manifest injustice has occurred with respect to her clients. Counsel's arguments gloss over the seriousness of Debtors' own yet unexplained non-disclosure of their prior Chapter 7 bankruptcy case

3

on their petition. The impact of the improper case filing and the delay on creditors, including one that had a pending lawsuit, in dragging out "the inevitable" closer toward a presumed re-filing in 2011 remains similarly unaddressed. Debtors clearly benefitted from the automatic stay for an extended period of time when they should not have been here in a case commenced with a material omission on their petition.[1]

The court will enter a separate order denying the Motion in accordance with this memorandum of decision.

---

[1]In evaluating the extent of the "with prejudice" dismissal, the court carefully and intentionally limited the scope of the discharge limitation to future Chapter 7 discharges of existing debt, having considered whether discharge under Chapter 13 should also have been prohibited. Understanding the seriousness of a dismissal with prejudice, the court's unexpressed reasoning was that the impact of Debtors' actions on creditors could be ameliorated through a Chapter 13 repayment plan, the feasibility of which, however, is unknown and was not a factor in the court's original decision.